UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS JOHNS,

    Plaintiff,                                                            Case No. 08-12272

v.                                                                     Hon. Sean F. Cox

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

    Defendant.
_____/

| MANTESE AND ROSSMAN, P.C. | DICKINSON WRIGHT PLLC |
|---|---|
| Gerard Mantese (34424) | Joseph A. Fink (P13428) |
| Mark Rossman (P63034) | K. Scott Hamilton (P44095) |
| David Hansma (P71056) | 500 Woodward Avenue, Suite 4000 |
| 1361 E. Big Beaver Road | Detroit, MI 48226 |
| Troy, MI 48083 | (313) 223-3500 |
| (248) 457-9200 | JFink@dickinsonwright.com |
| gmantese@manteselaw.com | KHamilton@dickinsonwright.com |
| mrossman@manteselaw.com | Attorneys for Blue Cross Blue Shield of |
| dhansma@manteselaw.com | Michigan |
| Attorneys for Plaintiff | |
| | |
| JOHN J. CONWAY, P.C. | Robert A. Phillips (P58496) |
| John J. Conway (P56659) | Blue Cross Blue Shield of Michigan |
| 645 Griswold Street, Suite 3600 | 600 E. Lafayette Boulevard, #1925 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 961-6525 | (313) 225-0536 |
| john@johnjconway.com | Attorney for Defendant |
| Attorneys for Plaintiff | rphillips@bcbsm.com |

_____/

**REPLY BRIEF IN SUPPORT OF DEFENDANT
BLUE CROSS BLUE SHIELD OF MICHIGAN'S
MOTION TO DISMISS**

The gravamen of Plaintiff's Complaint is that BCBSM was incorrect in its substantive determination that ABA treatment for autism is currently investigational and/or experimental, and that BCBSM incorrectly denies claims for ABA treatment based upon that substantive determination. Plaintiff does not allege any facts regarding any impropriety in BCBSM's claims-handling **process**, BCBSM's **methodology** in handling claims, or any **procedural** deficiency that is separate or apart from Plaintiff's allegation that BCBSM's substantive decision regarding the status of ABA treatment is incorrect, causing BCBSM to deny those claims. 29 U.S.C. § 1132(a)(1)(B) provides the sole avenue to challenge BCBSM's substantive benefit decision, and Plaintiff is prohibited from asserting additional claims repackaged as "breach of fiduciary duty" under § § 1132(a)(2) or (3).

A. **Plaintiff Relies Upon The Wrong Standard Of Review**

Plaintiff relies upon outdated caselaw in arguing that a complaint should not be dismissed "unless it appears without doubt that the plaintiff can provide no set of facts in support of his claim which would entitled him to relief" (Plaintiff's Brief at 6-7). That standard is from *Conley v. Gibson*, 355 U.S. 41 (1957), which the United States Supreme Court overruled on May 21, 2007 in *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955 (2007):

> [T]here is no need to pile up further citations to show that *Conley's* "no set of facts" language has been questioned, criticized, and explained away long enough. . . .
>
> [A]fter puzzling the [legal] [profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.

127 S. Ct. at 1969. As *Twombly* explained, a 12(b)(6) movant need not show that it is beyond doubt that the plaintiff can prove no set of facts to support its claims. A movant need only show

1

that, accepting the **well-pleaded** allegations as true, they are legally insufficient to state a claim upon which relief can be granted.

### B.   The Availability Of Adequate Relief Under § 1132(a)(1)(B) Precludes Separate Claims Under § § 1132(a)(2) or (3)

Plaintiff concedes that "whether the claims under subsections (2) and (3) should be dismissed turns on the adequacy of the relief available under (a)(1)(B)" (Plaintiff's Brief at 10). Based on Plaintiff's own Complaint, the relief sought under § 1132(a)(1)(B) in Count I is identical to the relief sought in the other counts for breach of fiduciary duty.  As a matter of law, and based upon his own allegations and prayers for relief, Plaintiff may therefore proceed only under § 1132(a)(1)(B).

That Plaintiff can obtain adequate relief under § 1132(a)(1)(B) is obvious by simply comparing the relief Plaintiff seeks under § 1132(a)(1)(B) with the relief he seeks under § 1132(a)(3).[1]  Count I, which alleges a claim under § 1132(a)(1)(B), seeks to have BCBSM pay Plaintiff and class members benefits for ABA treatment, and an injunction requiring the future payment of benefits for ABA treatment.  The relief sought under § 1132(a)(1)(B) is:

---

[1] Plaintiff's reliance on *Black v. Long Term Disability Ins*., 373 F. Supp. 2d 897 (E.D. Wis. 2005), in arguing that dismissal is premature because "at the pleading stage it is often difficult to determine whether relief is even available under § 1132(a)(1)(B)" (Plaintiff's Brief at 14) is meritless.  BCBSM's Motion relies on the claims as pleaded in Plaintiff's Complaint, obviating *Black's* concern that "a court is unlikely to be able to discern at the pleading stage of a case . . . whether the relief provided in § 1132(a)(1)(B is 'adequate'." *Id*. at 902.  Moreover, the Sixth Circuit clearly permits dismissal of duplicative fiduciary duty claims at the pleading stage. *See Marks v. Newcourt Credit Group, Inc*., 243 F.3d 444, 453-54 (6th Cir. 2003) ("[t]he district court dismissed [plaintiff's] claim for breach of fiduciary duty . . . as duplicative of his" § 1132(a)(1)(B) claim, and because § 1132(a)(1)(B) "provides plaintiff a remedy . . ., we affirm the dismissal of [plaintiff's] claim for breach of fiduciary").  Moreover, *Black* applied the defunct *Conley* 12(b)(6) standard "under which I ask whether plaintiff could prove any set of facts entitling [plaintiff] to relief against" the defendant.  393 F.Supp.2d at 889.  Lastly, *Black* should not be followed because, as even it recognized, it was contrary to "a number of district courts [that] have dismissed § 1132(a)(3) claims as duplicative of § 1132(a)(1)(B) claims on Rule 12(b)(6) motions." *Id*. at 903.

2

      107.    Accordingly, Plaintiff and the class members are entitled to immediate payment of past due benefits, and they are also entitled to clarify and enforce their rights to payment of future benefits through the entry of an injunction.

(Complaint, ¶ 107). If awarded that relief, Plaintiff and the class members would receive complete and total relief – the payment of past claims for ABA treatment, and an injunction enforcing their right to receive payments for such benefits in the future.

Count III, which alleges a breach of fiduciary duty under § 1132(a)(3) based upon BCBSM's denial of coverage for ABA treatment, seeks precisely the same relief as that sought under § 1132(a)(1)(B), asserting that Plaintiff and the class members are entitled to "an order enjoining Defendant from denying coverage for ABA treatment in violation of ERISA and the Plans" (Complaint, ¶ 121). Although the prayer for relief uses different words, it seeks precisely the same relief – an order requiring the payment of past due claims for ABA treatment and the payment of such claims in the future.

Without question, an order enjoining BCBSM from denying coverage for ABA treatment (i.e., the relief sought in Count III), is no different than an order requiring BCBSM to immediately pay benefits for ABA treatment and enforcing their right to payment of future benefits through the entry of an injunction (i.e., the relief sought in Count III). In short, the relief sought under § 1132(a)(1)(B) in Count I is full and complete, and maintaining a claim under § 1132(a)(3) adds nothing. Based upon the allegations of Plaintiff's own Complaint, § 1132(a)(1)(B) provides all the relief Plaintiff seeks and, therefore, Plaintiff cannot maintain a separate claim under § § 1132(a)(2) or (3). See *Varity Corp. v. Howe*, 516 U.S. 489 (1996); *Wilkins v. Baptist Healthcare System, Inc*. 150 F.3d 609 (6th Cir. 1998); *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 451 (6th Cir. 2003).

3

Plaintiff's assertion that "[o]nly relief under § § 2 and (3) will provide the **complete relief** sought by the class by requiring Blue Cross to alter the manner in which it administers claims for ABA treatment" (Plaintiff's Brief at 12) (emphasis added) is demonstrably wrong.  That relief – requiring BCBSM to pay all past and future claims for ABA treatment – is precisely what Plaintiff seeks in Count I under § 1132(a)(1)(B).  Moreover, even if § 1132(a)(1)(B) did not provide the **complete** relief Plaintiff wants, relief under § 1132(a)(2) and (3) is not available if relief under § 1132(a)(1)(B) is **adequate**.  *Varity*, 516 U.S. at 515 ("where Congress elsewhere provided **adequate** relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate'") (emphasis added).  Plaintiff fails to show how the full payment of past and future benefits for ABA treatment to it and the class members would in any way be "inadequate" relief.

Plaintiff's reliance on *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410 (6th Cir. 1998) (Plaintiff's Brief at 10) is completely inapposite, and Plaintiff does not accurately represent what *Fallick* held or, more importantly, what it did **not** hold.  Plaintiff mistakenly says that the Sixth Circuit in *Fallick* "allow[ed] the breach of fiduciary duty claim to go forward" (Plaintiff's Brief at 10), as though that issue was actually presented and decided when in fact it was not.  *Fallick* considered only two issues: (1) whether the district court erred in holding that the plaintiff was required to exhaust administrative remedies, and (2) whether the plaintiff had standing to represent class members that were participants in different ERISA plans.  162 F.3d at 412-13.  *Fallick* did not consider, much less did it hold, whether the plaintiff could assert a fiduciary duty claim while simultaneously asserting a claim under § 1132(a)(1)(B); that issue was not presented.  Indeed, *Fallick* did not even cite *Varity* or *Wilkins*, or discuss in any way the relationship between § 1132(a)(1)(B) claims and breach of fiduciary duty claims.

4

Moreover, Plaintiff mischaracterizes *Fallick* in saying that it held that "a recovery of benefits by the plaintiff would not provide complete relief because Nationwide never demonstrated that it would alter 'its methodology, notwithstanding [the plaintiff's] ERISA claims, both individually or on behalf of all other similarly situated'" (Plaintiff's Brief at 10, quoting *Fallick*, 162 F.3d at 419-20). That quote from *Fallick* dealt with the Sixth Circuit's holding that **exhaustion of remedies would be futile**, not whether a claim under § 1132(a)(1)(B) would provide complete relief. *Fallick* neither considered nor decided the latter issue.

Lastly, *Fallick* involved the claim that the defendant had implemented a claim administration process which caused it to "operat[e] the Plan in a manner inconsistent with Plan documents" based upon improper calculation procedures. *Id*. at 418. In contrast, Plaintiff does not allege that BCBSM has implemented any kind of administrative claim process or procedure that is contrary to the Plan; he alleges only that BCBSM's **substantive** decision that ABA is investigative or experimental was incorrect.

Similarly inapposite is *Hill v. Blue Cross Blue Shield of Michigan*, 409 F.3d 710 (6th Cir. 2005), where the plaintiff alleged that BCBSM implemented a claims-handling process that expressly violated the plan's "emergency–medical-treatment provisions." *Id*. at 714. Unlike the present case, *Hill* involved "fiduciary-duty claims arising out of asserted defects in plan-wide **claims-handling procedures**," and alleged that "BCBSM is using an allegedly improper **methodology** for handling all of the [plan's] emergency–medical-treatment claims." *Id*. at 718 (emphasis added). The plaintiff was allowed to pursue an § 1132(a)(3) claim in *Hill* to "alter the manner in which [BCBSM] **administers** all the [plan's] claims for emergency–medical-treatment expenses." *Id*. The plaintiff in *Hill* sought two distinct kinds of relief: (1) having BCBSM pay benefits under § 1132(a)(1)(B) upon showing that BCBSM's substantive decision denying him

benefits was wrong, and (2) having BCBSM "alter the manner in which it administers all the [plan's] claims" by changing its claims-handling procedure under § 1132(a)(3). *Id.*

In stark contrast to *Hill*, Plaintiff's Complaint does not allege a plan-wide defect in BCBSM's claims-handling **procedure** that expressly violates any term of the Plan. It instead alleges that BCBSM's **substantive** determination that ABA is still in the experimental and/or investigational stage is an incorrect decision, and that BCBSM incorrectly denies claims for ABA treatment based upon that substantive determination (Complaint, ¶ ¶ 17-18, 71, 73, 92 111 and 118. Denial of claims for ABA treatment on the ground that BCBSM has determined that it is still experimental and/or investigational is not a plan-wide defect in claims-handling **procedure**, but is rather the result of a substantive benefit decision which BCBSM has discretion to make and which Plaintiff can challenge under § 1132(a)(1)(B). That BCBSM may apply that substantive determination to all claims for ABA treatment does not make it an alleged defect in claims-handling "procedure," an improper "methodology," or an improper "process" of the kind at issue in *Hill*.

Unlike *Hill*, Plaintiff is not asking the court for an order altering any BCBSM administrative claims-handling procedure for reviewing ABA treatment claims; it is asking for an order finding that BCBSM's substantive decision that ABA treatment is experimental and/or investigational is arbitrary and capricious, and requiring that such claims be paid in the past and in the future.

*Gore v. El Paso Energy Corp. Long Term Disability Plan,* 477 F.3d 833 (6th Cir. 2007), is easily distinguishable from the present case because the plaintiff in *Gore* sued two defendants – his employer, El Paso, under § 1132(a)(3) based on misrepresentations it made to *Gore*, *id*. at 838, and the plan's insurer, Liberty Insurance Company, under § 1132(a)(1)(B) for wrongful

6

denial of benefits. *Id*. at 840. *Gore* permitted claims under both § § 1132(a)(1)(B) and (a)(3) only because there were two defendants, and the plaintiff could not assert an § 1132(a)(1)(B) claim against El Paso. *Id*. at 841 ("[a]ssuming that he could not seek relief from El Paso pursuant to § 1132(a)(1)(B) or § 1132(a)(2) . . ., Gore's only remedy against El Paso would be under § 1132(a)(3)" and "[t]he two claims are distinct and unrelated to each other").

In bright contrast, Plaintiff alleges claims under §§ 1132(a)(1)(B), (a)(2) and (a)(3) against a single defendant, all based upon the allegedly improper denial of benefits. On those facts, *Gore* held that such a fiduciary duty claim must be dismissed under *Wilkins*:

> Had Gore alleged that Liberty breached its fiduciary duty, pursuant to § 1132(a)(3), for wrongful denial of benefits, under *Wilkins* the claim would be duplicative of his § 1132(a)(1)(B) claim.

*Id*. at 841. That is exactly the situation Plaintiff alleges – i.e., the breach of fiduciary duty against a single defendant for wrongful denial of benefits and for which it also has a claim under § 1132(a)(1)(B). *See* Complaint, ¶ 110 ("Defendant has breached its fiduciary duties [under § 1132(a)(2)] **by wrongfully denying coverage** for ABA treatment") and 118 ("by **refusing to provide coverage for ABA treatment** . . ., Defendant continues to breach its fiduciary duties" under § 1132(a)(3)).

### C. Plaintiff's Complaint Fails To State A Claim Under § 1132(a)(2)

Plaintiff erroneously argues that "Plaintiff's [sic] can recover under (a)(2) the money Blue Cross wrongfully earned or retained by administering the plan in breach of its fiduciary duties" (Plaintiff's Brief at 15). First, the Complaint is utterly devoid of any allegation that BCBSM "earned or retained" any money. Second, Plaintiff cannot recover money under § 1132(a)(2) because a claim for breach of fiduciary duty "permits recovery to inure only to the ERISA plan, not to individual beneficiaries." *Adcox v. Teledyne, Inc*., 21 F.3d 1381, 1390 (6th Cir. 1994).

7

Moreover, ERISA "contemplates that breaches of fiduciary duties injure the plan, not individual beneficiaries, and any recovery goes to the plan." *Bryant v. Int'll Fruit Prods. Co., Inc.,* 886 F.2d 132, 135 (6th Cir. 1989).  Third, Plaintiff's Complaint fails to allege any facts indicating any injury to the plan, a pleading defect fully explained in BCBSM's Main Brief and completely ignored  by Plaintiff.  *See* Main Brief at 9-19.

Plaintiff's reliance on *Hill* with respect to the § 1132(a)(3) claim is unavailing.  In *Hill,* the complaint alleged "restitution and restoration to the [plan] of the 'millions of dollars that BCBSM earned and/or the plan sponsors have saved'", 409 F.3d at 723, whereas Plaintiff makes no such allegation.  Moreover, *Hill* did not hold that the plaintiff stated a claim under § 1132(a)(1); it merely "reverse[d] the district court's order dismissing this claim for failure to exhaust administrative remedies." *Id*.

.                                                         Respectfully Submitted,

DICKINSON WRIGHT, PLLC
By: s/K. Scott Hamilton (P44095)
      Joseph A. Fink (P13248)
Attorneys for Defendant
500 Woodward Avenue, Suite 4000
Detroit, MI  48226
(313) 223-3500

Dated:  July 25, 2008

## Certificate of Service

I hereby certify that on July 25, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

s/K. Scott Hamilton
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226-3425
Phone:  313-223-3500
Email:  KHamilton@dickinsonwright.com
Bar No. P44095

DETROIT  19276-102  1050034v1

8