UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER JOHNS,　　　　　　　　　Case No. 08-12272

　　　　　Plaintiff,　　　　　　　　　　　　Stephen J. Murphy, III
vs.　　　　　　　　　　　　　　　　　　　United States District Judge

BLUE CROSS BLUE SHIELD　　　　　　　Michael Hluchaniuk
OF MICHIGAN, a Michigan　　　　　　　　United States Magistrate Judge
non-profit corporation,

　　　　　Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND DENYING SANCTIONS (Dkt. 15)**

**I.　　PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

　　　This case is about a proposed class action regarding the broad-based denial of health care coverage benefits by Blue Cross Blue Shield for a particular kind of autism treatment called Applied Behavior Analysis.  Plaintiff filed a motion to compel discovery on August 15, 2008, asserting that the parties had agreed to engage in discovery pursuant to Federal Rule of Civil Procedure 26.  (Dkt. 15).  Plaintiff served discovery on defendant in July 2008.  (Dkt. 15, Ex. 3).  Defendant objected because the discovery violated Rule 26(d), which precludes discovery before a Rule 26(f) conference is held.  (Dkt. 15, Ex. 4).  Defendant also objected

1

to the discovery on the basis that this was improper, at least in part, with respect to plaintiff's claim under 29 U.S.C. § 1132(a)(1)(B), given that no discovery is permitted on such a claim. *Id*. Defendant also asserted objections to some of the requests based on relevance and over breadth. *Id*.

On September 2, 2008, defendant filed a response to plaintiff's motion to compel, more fully articulating its objections to plaintiff's discovery requests. (Dkt. 16). In addition to the objections set forth above, defendant asserted that it should not be compelled to participate in a Rule 26(f) discovery conference because the deadline has neither been nor passed and conducting discovery on plaintiff's "non-§ 1132(a)(1)(B) claims" is premature until the Court determines whether they can go forward. (Dkt. 16). On the other hand, defendant conceded that "it was necessary for it to engage in class certification discovery prior to hearing on the Motion for Class Certification." *Id*.

On September 3, 2008, plaintiff filed a reply brief in which he asked the Court to compel a Rule 26(f) discovery conference and to compel defendant to provide answers and documents to those parts of plaintiff's discovery requests relating to class certification. (Dkt. 17). Plaintiff also requested sanctions for having to file the motion to compel. *Id*.

On December 18, 2008, this matter was referred to the undersigned for hearing and decision by District Judge Stephen J. Murphy, III. (Dkt. 22). On December 24, 2008, the Court issued an Order setting a hearing for January 15, 2009, and requiring the parties to file a Joint Statement of Resolved and Unresolved Issues by January 9, 2009. (Dkt. 24). The hearing was adjourned until March 4, 2009. (Dkt. 26). The deadline for submitting the Joint Statement remained unchanged. On March 3, 2009, plaintiff faxed a statement of resolved and unresolved issues, in which defendant did not participate. At the hearing on March 4, 2009, the Court learned that plaintiff had not initiated preparation of the joint statement until the afternoon of March 2, 2009 and apparently filed the joint statement before defendant could provide any substantive input. No separate submission was provided by defendant.

As emphasized at the hearing, the Court suggests that counsel be mindful of the requirements in the Local Rules and in this Court's practice guidelines, and the order setting the hearing in this cases, requiring timely and good faith efforts to resolve motions both before and after they are filed. In the circumstances of this particular motion, the Court declines to award sanctions, but cautions counsel to carefully follows the rules and the Court's orders in the future.

## II.     LEGAL STANDARDS

Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed.R.Civ.P. 26(d)(1). It is well-established that "the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). Further, Rule 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton* 523 U.S. 574, 598 (1998).

Under the guidelines set forth in *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618-19 (6th Cir. 1998), ERISA actions are not generally subject to the procedures for summary judgment or bench trials, including discovery. Under certain circumstances, discovery is permissible in an ERISA action:

> The district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. This also means that any prehearing discovery at the district court level should be limited to such procedural challenges.

4

*Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 430 (6th Cir.2006). In *Moore*, the Sixth Circuit further held:

> If discovery into the alleged procedural defects supports a plaintiff's allegations of due process denial, then a district court is obligated to permit discovery into more substantive areas of a plaintiff's claim. If a court finds that due process was not denied, however, then it is appropriate for the district court to deny further discovery into substantive areas, or else a plaintiff could circumvent the directive of *Wilkins* merely by pleading a due process problem.

*Id.* at 430-31 (internal citation omitted). And, "until a due process violation is at least colorably established, additional discovery beyond the administrative record into a plaintiff's denial of benefits claim is impermissible." *Id.* at 431.

Plaintiff has not argued, and the Court does not decide, whether any due process claim has been asserted or established in this cause. Thus, the Court generally concludes that discovery on plaintiff's § 1132(a)(1)(B) would not be appropriate at this time. The Court will address below how this general conclusion applies, if at all, to each discovery request made by plaintiff.

Additionally, class certification discovery generally relates to numerosity, typicality, commonality, adequacy of representation, and the definition of a proposed class. *See e.g.*, *Hoving v. Transnation Title Ins. Co.*, 2009 WL 56034, *1 (E.D. Mich. 2009). The parties here do not dispute that discovery relating to class

certification issues is necessary and appropriate at this juncture. The Court agrees and will address below how this general conclusion applies, if at all, to each discovery request made by plaintiff.

### III. ORDER

#### A. Plaintiff's Discovery Requests

**Request 1**

Plaintiff asks for all "documents relating to any studies done by you regarding Applied Behavior Analysis treatment." (Dkt. 15, Ex. 4). The Court concludes that this request is broader than simply addressing the merits of plaintiff's § 1132(a)(1)(B) claim, and relates to class certification issues. Thus, to the extent that defendant has responsive documents that are not part of a particular claim file, they must be produced.

**Request 2**

In this request, plaintiff asks for "all documents in support of your claim that Applied Behavior Analysis is experimental." (Dkt. 15, Ex. 4). The Court concludes that this request, like the first request, is broader than simply addressing the merits of plaintiff's § 1132(a)(1)(B) claim and relates to class certification issues. Thus, to the extent that defendant has responsive documents that are not part of a particular claim file, they must be produced.

**Request 3**

In this request, plaintiff asks for "all documents relating to your denial of coverage for any claim for coverage of Applied Behavior Analysis treatment." (Dkt. 15, Ex. 4). The Court concludes that this request relates wholly to plaintiff's § 1132(a)(1)(B) claim and that defendant need not respond to this request.

**Request 4**

In this request, plaintiff asks for "all documents relating to any claims for Applied Behavior Analysis that you have been ordered to pay by the State of Michigan or by any Michigan state or federal court." (Dkt. 15, Ex. 4). The Court concludes that this request relates wholly to plaintiff's § 1132(a)(1)(B) claim and that defendant need not respond to this request.

**Requests 5-6**

In these requests, plaintiff asks defendant to state "how many Blue Cross Blue Shield of Michigan insureds or their dependents have autism" and that defendant produce all such supporting documents. (Dkt. 15, Ex. 4). The Court concludes that, to the extent that defendant has any statistical studies actuarial or other data reflecting how many of its insureds or their dependants have autism, such studies and data must be identified and produced.

**Requests 7-10**

Defendants conceded at the hearing that these requests relate to class certification issues. The Court agrees and concludes that defendant must provide answers to these requests and any responsive documents.

Defendant must provide answers and responsive documents to plaintiff within 21 days of entry of this Order.

B.    Rule 26(f) Discovery Conference

In light of the decisions reached in this Order and that no further discovery is contemplated by the parties until after the motion to dismiss is decided, the Court concludes that ordering the parties to engage in a formal Rule 26(f) discovery planning conference is unnecessary at this time. The parties are, of course, able to engage in discovery as they agree and the Court encourages them to do so.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party

objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2),

objections must be served on this Magistrate Judge.

Date: March 5, 2009                               s/Michael Hluchaniuk
                                                                 Michael Hluchaniuk
                                                                 United States Magistrate Judge

## CERTIFICATE OF SERVICE

     I certify that on March 5, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following:  John J. Conway, III, K. Scott Hamilton, Gerard V. Mantese, and Mark C. Rossman, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: not applicable.

                                                                               s/James P. Peltier
                                                                               Courtroom Deputy Clerk
                                                                               U.S. District Court
                                                                               600 Church Street
                                                                               Flint, MI 48502
                                                                               (810) 341-7850
                                                                               pete_peltier@mied.uscourts.gov