UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHRIS JOHNS,

       Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

       Defendant.

_____/

Case No. 2:08-cv-12272

HONORABLE STEPHEN J. MURPHY, III


**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION** (docket no. 2) **AND DEFENDANT'S MOTION
FOR LEAVE TO FILE AN UNTIMELY RESPONSE BRIEF IN
OPPOSITION THERETO** (docket no. 34), **AND STRIKING PLAINTIFF'S
CONDITIONAL REPLY TO DEFENDANT'S RESPONSE** (docket no. 41)


I.

Defendant Blue Cross Blue Shield of Michigan ("BCBS") administers a large number

of health care benefits plans governed by the Employee Retirement Income Security Act

of 1974, as amended, 29 U.S.C. § 1001 *et seq.  See* 29 U.S.C. § 1002(1).  As such, BCBS

is a fiduciary of these plans under ERISA, *id.* § 1002(21)(A), and subject to a number of

fiduciary duties imposed by that statute, *see id* § 1104.  In particular, BCBS has a duty

under ERISA to administer the plans in accordance with their governing documents.  *Id.*

§ 1104(a)(1)(D).

In his complaint in this case, the plaintiff Chris Johns alleges that he is a participant

in a BCBS-administered plan.  Compl., docket no. 1, ¶ 6.  Johns also alleges that he is the

father and legal guardian of a minor child who suffers from autism, *id.* ¶ 7, and who is also

insured as a dependent under Johns's plan, *id.* ¶ 8.  Johns's child has received a form of

autism treatment known as Applied Behavioral Analysis ("ABA"), *id.* ¶¶ 66-69.  BCBS,

however, denied Johns's claim for benefits for ABA treatment under his plan, on the grounds that such treatment falls under the plan's coverage exclusion for treatments that are "experimental" or "investigative."  *Id.* ¶ 92.  In this lawsuit, Johns claims that this interpretation of the plan documents is incorrect, and that he in fact entitled to these benefits.  Accordingly, he seeks recovery of benefits not paid to him, clarification of his child's rights to future benefits for ABA treatment, and an injunction requiring BCBS to more clearly explain its reasons for denying benefits as experimental.  Johns also seeks certification of a class of plaintiffs, consisting generally of "[a]ll plan participants and beneficiaries insured under ERISA-governed employee benefit plans administered by Blue Cross and Blue Shield of Michigan who have been denied coverage for ABA treatment within the last six years."  *Id.* ¶ 87.

## II.

Currently before the Court is Johns's motion to certify this class.  This motion was filed concurrently with the complaint in this action.  As the Court has recounted elsewhere, *see* docket no. 36, BCBS failed to file a response within 20 days of Johns's motion, as it was required to do under the Eastern District of Michigan's Local Rule 7.1(d)(1).  In fact, BCBS failed to make any filing in response to Johns's motion until Johns filed a "notice of non-response," nearly  four months after the motion was filed.  Even then, BCBS did not move to file a late response, but instead filed a document arguing that its response time "should" be extended in accordance with a stipulation that the parties had previously discussed, but never conclusively agreed to or submitted to the Court.  Response to Notice of Non-Response, docket no. 15, ¶ 6.  Even after the Court scheduled the matter for hearing, BCBS made no additional filings in regard to class certification except a notice of "supplemental" authority, which was at best only indirectly relevant to the issue of class

2

certification.  Docket no. 29.  This notice was filed literally on the eve of the hearing and was subsequently stricken from the record by the Court.  *See* docket no. 32.  At the hearing, the Court expressed an inclination to grant the motion for class certification as unopposed, but offered BCBS a last chance to offer an explanation for its non-response.

Shortly thereafter, BCBS finally moved for leave to file a response brief in opposition to class certification, which consisted solely of a more elaborate explanation of the parties' failed stipulation.  Docket no. 34.  The Court found this explanation to be wanting, docket no. 36, pp. 2-3, but noted BCBS's additional request that consideration of class certification be delayed until settlement negotiations and discovery could be completed.  The Court agreed to stay consideration of the class certification motion, as well as BCBS's motion to file a response, for a short period of time.  As BCBS's proposed response was already in the record as an attachment to its motion for leave to file, the Court granted Johns leave to file a provisional reply to this response, on the condition that this reply would be stricken if BCBS's motion for leave to file were ultimately denied.  *Id.* at 3. Johns filed such a reply, docket no. 40, and the stay has now expired without any indication that the parties have reached a settlement.  Discovery in this case, however, apparently remains at a relatively early stage.

### III.

Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time. . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect."  The Supreme Court's has said that "'excusable neglect' under Rule 6(b) is a somewhat elastic concept."  *Pioneer Investment Servs. Co. v. Brunswick Associates LP*, 507 U.S. 380, 391-92 (1993) (citation and quotation marks omitted).  Thus, "[a]lthough

inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," extensions of time under Rule 6(b)(1)(B) are "not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* (citation and quotation marks omitted). "Neglect thus encompasses both simple, faultless omissions to act and omissions caused by carelessness." *United States v. Thompson*, 82 F. 3d 700, 702 (6th Cir. 1996) (citing *Pioneer Investment*, 507 U.S. at 388).

Adopting a test balancing factors identified by the Supreme Court in *Pioneer Investment*, the Sixth Circuit has held that

> the governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger v. McDermott Int'l. Inc.*, 467 F. 3d 514, 522 (6th Cir. 2006). Here, it does not appear that BCBS's delay in filing a response has prejudiced Johns. The delay of ten months, however, has impacted the Court's ability to decide the motion in a timely manner. Furthermore, as the Court has previously stated, *see* docket no. 36, p. 3, BCBS's proffered explanation for not responding sooner – the failed stipulation – would have excused a delay of at most a few weeks. Finally, there is no indication that the delay was outside of BCBS's control, and the Court can imagine no good-faith reason why it could not have responded sooner than it did. Accordingly, the Court will deny BCBS's motion for leave to file a response, strike Johns's reply from the record, and consider his motion for class certification based solely on his initial brief in support, along with the record evidence.

IV.

"[A] district court maintains substantial discretion in determining whether to certify a class, as it possesses the inherent power to manage and control its own pending litigation." *Reeb v. Ohio Dept. of Rehabilitation & Corr.*, 435 F. 3d 639, 643.   The legal standard governing class certification is set forth by Federal Rule of Civil Procedure 23.   In order for a class to be certified, both Rule 23(a) and Rule 23(b) must be satisfied.   Rule 23(a) enumerates four prerequisites for a class action.   Rule 23(b) lists three different criteria, any one of which, in combination with the 23(a) prerequisites, permits certification. Rule 23(a) provides that

> [o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

After considering these factors, the Court concludes that it would be premature to certify the class requested by Johns at this stage of these proceedings.   Although the Court is tentatively satisfied that the requirements of numerosity and commonality are satisfied – there are apparently at least several hundred class members, whose claims undoubtedly will present common questions of fact as to whether ABA is "experimental" – it is unable to conclude on this record that Rule 23(a)'s requirements of typicality and adequacy have been satisfied.   This is because, although it does not seem to be in dispute that BCBS in fact does regard ABA as "experimental" and often denies benefits for it, there is no evidence in the record that the terms of the experimental-treatment coverage exclusion in Johns's plan bear any similarity to the terms of the corresponding exclusions in the other

5

proposed class members' plans.  In fact, there is no evidence in the record at all as to what the terms of the other class members' plans might be.  If the exclusion in Johns's plan were to prove significantly different from those of other class members, this could call into question whether his claim is typical of the other class members', or even whether he can adequately represent their interests.

It does appear likely that certification of some class in this case will eventually be appropriate.  The record does not yet support certification of a class of the breadth of the one proposed by Johns.  Instead of improvising limitations on the scope of the proposed class in order to trim it down to what is supported by a sparse record assembled on incomplete discovery, the Court will await a fuller record and a renewed motion for class certification.

**WHEREFORE**, it is hereby **ORDERED** that:

Defendant's motion for leave to file a brief in opposition to class certification is **DENIED**;

Plaintiff's reply to defendant's proposed response in opposition to class certification is **STRICKEN** from the record; and

Plaintiff's motion for class certification is **DENIED**, without prejudice to any subsequent motion for certification of the same class.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III

6

United States District Judge

Dated: March 31, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 31, 2009, by electronic and/or ordinary mail.

Alissa Greer
Case Manager