UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS JOHNS,

    Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN,

    Defendant.
_____/

Case No. 08-12272

Hon. Stephen J. Murphy III

DICKINSON WRIGHT PLLC
Joseph A. Fink (P13428)
K. Scott Hamilton (P44095)
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500
JFink@dickinsonwright.com
KHamilton@dickinsonwright.com
Attorneys for Blue Cross Blue Shield of Michigan

MANTESE AND ROSSMAN, P.C.
Gerard Mantese (34424)
Mark Rossman (P63034)
David Hansma (P71056)
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200
gmantese@manteselaw.com
mrossman@manteselaw.com
dhansma@manteselaw.com
Attorneys for Plaintiff

JOHN J. CONWAY PC
John J. Conway (P56659)
645 Griswold Street, Suite 3600
Detroit, MI 48226
(313) 961-6525
john@johnjconway.com
Attorneys for Plaintiff

**BLUE CROSS BLUE SHIELD OF MICHIGAN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**

Defendant Blue Cross Blue Shield of Michigan ("Defendant" or "BCBSM"), by and through counsel, Dickinson Wright PLLC, hereby states as follows for its Answer to Plaintiff Chris John's ("Plaintiff" or "Johns") First Amended Class Action Complaint and Jury Demand.

## I. JURISDICTIONAL ALLEGATIONS

1. BCBSM neither admits nor denies the allegation of paragraph 1 on the ground that it merely characterizes Plaintiff's action and that no answer is required.

2. BCBSM neither admits nor denies the allegations of paragraph 2 on the ground that it is without sufficient information upon which to form a belief.

3. BCBSM denies that it acted as an insurer regarding Plaintiff's son. BCBSM admits any remaining allegation of paragraph 3.

4. BCBSM denies that it engaged in any "wrongful conduct." BCBSM admits any remaining allegation of paragraph 4.

5. BCBSM neither admits nor denies the allegation of paragraph 5 on the ground that it alleges matters of jurisdiction to which no answer is required.

6. BCBSM neither admits nor denies the allegation of paragraph 6 on the ground that it alleges a matter of venue to which no answer is required.

7. BCBSM admits that some, but not necessarily all, of the documents referenced in the First Amended Complaint are in BCBSM's possession.

## II. THE PARTIES

### A. Plaintiff

8. Upon information and belief, admitted.

9. Upon information and belief, admitted.

10. Upon information and belief, admitted.

11. Denied.

12. BCBSM neither admits nor denies the allegation of paragraph 12 on the ground that it alleges a legal conclusion to which no answer is required.

B. **Defendant Blue Cross Blue Shield of Michigan**

13. Admitted.

14. BCBSM admits that it acted as a third-party claims administrator. BCBSM denies that it is an insurer.

15. BCBSM admits that it acted as a third party claims administrator. BCBSM denies that it is an insurer.

16. BCBSM admits that, for certain specific purposes, it is a fiduciary as defined by ERISA.

17. BCBSM admits that in certain circumstances, it has denied claims made by various claimants with respect to an autism treatment known as Applied Behavioral Analysis ("ABA"). BCBSM denies any remaining allegation of paragraph 17.

18. Denied.

19. Denied.

III. **OVERVIEW OF AUTISM AND APPLIED BEHAVIORAL ANALYSIS ("ABA")**

A. **Characteristics and Symptoms of Autism**

20. Admitted.

21. Admitted.

22. BCBSM neither admits nor denies the allegations of paragraph 22 on the ground that it is without sufficient information upon which to base an opinion.

23. Admitted.

24. BCBSM neither admits nor denies the allegation of paragraph 24 on the ground that it is without sufficient information upon which to base an opinion.

25. Admitted.

26. Upon information and belief, admitted.

27. Admitted.

28. Upon information and belief, admitted.

29. BCBSM neither admits nor denies the allegation of paragraph 29 on the ground that it is without sufficient information on which to base an opinion.

30. BCBSM neither admits nor denies the allegation of paragraph 30 on the ground that it is without sufficient information on which to base an opinion.

31. Admitted.

32. BCBSM neither admits nor denies the allegation of paragraph 32 on the ground that it is without sufficient information on which to base an opinion.

33. Upon information and belief, admitted.

34. Upon information and belief, admitted.

35. BCBSM neither admits nor denies the allegation of paragraph 35 on the ground that it is without sufficient information on which to base an opinion.

**B.** **Blue Cross Routinely Denies Coverage for a Condition that is Afflicting Millions of People in the United States**

36. Denied.

37. BCBSM neither admits nor denies the allegation of paragraph 37 on the ground that it is without sufficient information on which to base an opinion.

38. BCBSM neither admits nor denies the allegation of paragraph 38 on the ground that it is without sufficient information on which to base an opinion.

39. BCBSM neither admits nor denies the allegation of paragraph 39 on the ground that it is without sufficient information on which to base an opinion.

40. BCBSM neither admits nor denies the allegation of paragraph 40 on the ground that it is without sufficient information on which to base an opinion.

41. BCBSM neither admits nor denies the allegation of paragraph 41 on the ground that it is without sufficient information on which to base an opinion.

42. BCBSM neither admits nor denies the allegation of paragraph 42 on the ground that it is without sufficient information on which to base an opinion.

43. BCBSM neither admits nor denies the allegation of paragraph 43 on the ground that it is without sufficient information on which to base an opinion.

44. BCBSM neither admits nor denies the allegation of paragraph 44 on the ground that it is without sufficient information on which to base an opinion.

45. BCBSM neither admits nor denies the allegation of paragraph 45 on the ground that it is without sufficient information on which to base an opinion.

46. Denied.

47. BCBSM neither admits nor denies the allegation of paragraph 47 on the ground that it is without sufficient information on which to base an opinion.

48. BCBSM neither admits nor denies the allegation of paragraph 48 on the ground that it is without sufficient information on which to base an opinion.

49. Denied.

50. Denied.

C. **Overview of Applied Behavioral Analysis ("ABA"); a Scientifically Valid Treatment for Autism**

   1. **What is ABA?**

4

51.     ABA as a treatment modality for autism is experimental or investigational under the plan definition of those terms.  BCBSM denies any remaining allegation of paragraph 51 not consistent with this answer.

52.     ABA as a treatment modality for autism is experimental or investigational under the plan definition of those terms.  BCBSM denies any remaining allegation of paragraph 52 not consistent with this answer.

53.     Admitted.

54.     Admitted.

55.     Denied.

56.     ABA as a treatment modality for autism is experimental or investigational under the plan definition of those terms.  BCBSM denies any remaining allegation of paragraph 56 not consistent with this answer.

57.     ABA as a treatment modality for autism is experimental or investigational under the plan definition of those terms.  BCBSM denies any remaining allegation of paragraph 57 not consistent with this answer.

58.     ABA as a treatment modality for autism is experimental or investigational under the plan definition of those terms.  BCBSM denies any remaining allegation of paragraph 58 not consistent with this answer.

59.     ABA as a treatment modality for autism is experimental or investigational under the plan definition of those terms.  BCBSM denies any remaining allegation of paragraph 59 not consistent with this answer.

    **2.**     **ABA Has Been Scientifically Validated.**

60. ABA as a treatment modality for autism is experimental or investigational under the plan definition of those terms. BCBSM denies any remaining allegation of paragraph 60 not consistent with this answer.

61. ABA as a treatment modality for autism is experimental or investigational under the plan definition of those terms. BCBSM denies any remaining allegation of paragraph 61 not consistent with this answer.

62. ABA as a treatment modality for autism is experimental or investigational under the plan definition of those terms. BCBSM denies any remaining allegation of paragraph 62 not consistent with this answer.

63. ABA as a treatment modality for autism is experimental or investigational under the plan definition of those terms. BCBSM denies any remaining allegation of paragraph 63 not consistent with this answer.

64. Denied.

65. Denied.

66. ABA as a treatment modality for autism is experimental or investigational under the plan definition of those terms. BCBSM denies any remaining allegation of paragraph 66 not consistent with this answer.

67. ABA as a treatment modality for autism is experimental or investigational under the plan definition of those terms. BCBSM denies any remaining allegation of paragraph 67 not consistent with this answer.

68. BCBSM neither admits nor denies the allegation of paragraph 68 on the ground that it is without sufficient information on which to base an opinion.

69. ABA as a treatment modality for autism is experimental or investigational under the plan definition of those terms. BCBSM denies any remaining allegation of paragraph 69 not consistent with this answer.

70. Denied.

71. BCBSM neither admits nor denies the allegation of paragraph 71 on the ground that it is without sufficient information on which to base an opinion.

72. BCBSM admits that Beaumont Hospital's Center for Human Development has a program known as "HOPE," and that BCBSM has declined coverage for ABA treatment through that program. BCBSM denies any remaining allegation of paragraph 72 not consistent with this answer.

73. ABA as a treatment modality for autism is experimental or investigational under the plan definition of those terms. BCBSM denies any remaining allegation of paragraph 73 not consistent with this answer.

74. BCBSM admits that it has denied claims for ABA treatment. BCBSM denies any remaining allegation of paragraph 74.

75. BCBSM admits that it has declined coverage for therapy and treatment given to Plaintiff's child in connection with ABA treatment for the reason that it is investigational and/or experimental. BCBSM denies any remaining allegation of paragraph 75.

76. BCBSM neither admits nor denies the allegation of paragraph 76 on the ground that it is without sufficient information upon which to base an opinion.

77. Denied.

78. Denied.

79. Denied.

## IV. CLASS ACTION ALLEGATIONS

80. BCBSM neither admits nor denies the allegation of paragraph 80 on the ground that it merely characterizes Plaintiff's cause of action, and that no answer is required.

81. BCBSM neither admits nor denies the allegation of paragraph 81 on the ground that it merely characterizes Plaintiff's cause of action, and that no answer is required.

82. Denied.

83. Denied.

84. BCBCM neither admits nor denies the allegation of paragraph 84 on the ground that it is without sufficient information up[on which to base an opinion.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. BCBSM neither admits nor denies the allegations of paragraph 93 on the ground that they merely characterize Plaintiff's claim and that no answer is therefore required.

## V. DEFENDANT'S VIOLATIONS OF ERISA

94. BCBSM neither admits nor denies the allegation of paragraph 94 on the ground that it alleges a legal conclusion to which no answer is required.

95. Admitted.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

## COUNT I – ACTION AGAINST DEFENDANT UNDER 29 U.S.C. § 1132(a)(1)(B) TO RECOVER FULL HEALTHCARE BENEFITS

104. BCBSM realleges all preceding answers.

105. BCBSM neither admits nor denies the allegation of paragraph 105 on the ground that it is without sufficient information upon which to base an opinion.

106. Denied.

107. BCBSM admits that it has properly denied coverage for ABA treatment claims on the ground, inter alia, that it is experimental and/or investigational within the meaning of the Plans. BCBSM denies any remaining allegation of paragraph 107.

108. Denied.

109. BCBSM denies that Plaintiff, the purported class, or their dependents, have been entitled to benefits for ABA treatment for the reason that such treatment is experimental and/or investigational. BCBSM denies any remaining allegations of paragraph 109 not consistent with this answer.

110. Denied.

111. Denied.

9

112. Denied.

113. Denied.

## COUNT II – ACTION AGAINST DEFENDANT UNDER
## 29 U.S.C. § 1132(a)(3) FOR EQUITABLE RELIEF

114. BCBSM reasserts its answers to all preceding paragraphs.

115. BCBSM neither admits nor denies the allegation of paragraph 115 on the ground that it alleges a legal conclusion to which no answer is required.

116. Denied.

117. Denied.

118. BCBSM neither admits nor denies the allegation of paragraph 115 on the ground that it alleges a legal conclusion to which no answer is required.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

WHEREFORE, for all the foregoing reasons, BCBSM requests that this Court dismiss Plaintiff's Complaint, and that BCBSM be awarded any and all relief, including costs and attorneys' fees, to which it may be deemed entitled.

        Respectfully submitted,

        DICKINSON WRIGHT PLLC

        By: /s/ K. Scott Hamilton
           K. Scott Hamilton P44095
        Attorneys for Blue Cross Blue Shield of
           Michigan
        500 Woodward Avenue, Suite 4000
        Detroit, MI  48226
        (313) 223-3500

Dated: April 16, 2009

## AFFIRMATIVE DEFENSES

Defendant Blue Cross Blue Shield of Michigan ("BCBSM"), by and through its counsel Dickinson Wright PLLC, hereby states as follows its affirmative defenses to the Amended Complaint of Plaintiff Chris Johns ("Plaintiff" or "Johns"):

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims, and/or or those of the putative class, are barred in whole or in part by the applicable statute of limitations.

3. BCBSM's decisions and determinations were rational in light of the applicable plan provisions and were supported by substantial evidence.

4.      Plaintiff's claims, and/or those of the putative class, are barred by the failure to exhaust administrative remedies.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By:  /s/ K. Scott Hamilton
     K. Scott Hamilton P44095
Attorneys for Blue Cross Blue Shield of
     Michigan
500 Woodward Avenue, Suite 4000
Detroit, MI  48226
(313) 223-3500

Dated: April 16, 2009

### Certificate of Service

I hereby certify that on April 16, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/ K. Scott Hamilton
Dickinson Wright PLLC
500 Woodward Ave., Ste. 4000
Detroit, MI 48226-3425
Phone:  313-223-3500
Email:  KHamilton@dickinsonwright.com
Bar No. P44095

DETROIT 19276-102 1104704v1