UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS JOHNS,

    Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN,

    Defendant.
    _____/

Case No. 08-cv-12272

HONORABLE STEPHEN J. MURPHY, III

**ORDER OF PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT,
PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, APPOINTMENT
OF CLASS COUNSEL, AUTHORIZING DISSEMINATION OF NOTICE OF THE
PROPOSED SETTLEMENT, AND GRANTING THE MOTIONS
<u>FOR PRELIMINARY CLASS CERTIFICATION</u> (docket entries 65 & 68)**

Having reviewed and considered plaintiff's motion to certify the class and approve the proposed settlement, and the parties' subsequent joint motion seeking the same relief, as well as the briefs in support of the motions and the terms and conditions of the proposed settlement ("the settlement") as set forth in the settlement agreement dated June 17, 2009 ("the Settlement Agreement"), a copy of which has been submitted to the Court, *see* docket entry 68-3, the Court makes the following FINDINGS:

A. The Court has jurisdiction over the subject matter of this action, and over all claims, parties and class members herein, pursuant to 29 U.S.C. secs. 1001 *et seq.* and 28 U.S.C. sec. 1331.

B. For the following reasons, the proposed class is **CONDITIONALLY CERTIFIED**, for settlement purposes, under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3):

1. Certification for settlement purposes is appropriate under Rule 23(a) because (i) the class is so numerous that the joinder of all class members is impracticable, (ii) there are questions of law or fact common to the class, (iii)the claims or defenses of the representative plaintiffs are typical of the claims of the class, and (iv) the representative plaintiffs will fairly and adequately protect the interests of the class.

2. Certification for settlement purposes is appropriate under Rule 23(b)(2) because Blue Cross Blue Shield of Michigan has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

3. Certification for settlement purposes is appropriate under Rule 23(b)(3) because questions of law or fact common to all class members predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  In making this determination, the Court has considered the interest of the class members in individually controlling the prosecution of separate actions and the extent and nature of any litigation concerning this controversy already commenced by class members.  The Court notes that because certification of the class is for purposes of settlement rather than litigation, it need not consider the desirability of concentrating the litigation of the claims in this particular forum, or the manageability of the class proposed in the complaint in this action.  *See Strube v. Am. Equity Investment Life Ins. Co.*, 226 F.R.D. 688

  (M.D. Gla. 2005) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)).

C. Class counsel has fairly and adequately represented the class for purposes of entering into and implementing the settlement.

D. Notice to the putative class members and other potentially interest persons, as prescribed herein, will be adequate and sufficient. Plaintiffs shall mail such notice, attached hereto as Exhibit 1, to the class members. This notice (i) is the best notice to putative class members that is reasonably practicable under the circumstances, (ii) is reasonably calculated under the circumstances to apprise putative class members of the pendency and nature of this action, of their right to appear and object at the settlement hearing to be conducted or to exclude themselves from the class and the settlement, and of the binding effect of a class judgment, (iii) is reasonable and provides due, adequate and sufficient notice to persons entitled to such notice, and (iv) fully complies with the requirements of due process and the Federal Rules of Civil Procedure.

E. The settlement is the product of good faith, arm's-length negotiations between the representative plaintiff and his counsel, on the one hand, and Blue Cross Blue Shield of Michigan and its counsel, on the other.

F. The settlement is in all respects fair, reasonable, and adequate; is not the product of collusion between the parties; and is otherwise proper and in the best interests of the class. In reaching this conclusion, the Court had considered a number of factors, including: (i) the likelihood that the representative plaintiff and/or the class would prevail at trial, (ii) the range of possible recoveries available to the representative plaintiff and the class as a result of such a trial, (iii) the

3

consideration to be provided to the class members pursuant to the settlement, as compared tot he range of possible trial recoveries discounted by the inherent risks of litigation, (iv) the complexity, expense, and possible duration of this litigation in the absence of a settlement, (v) the possibility of objections to the settlement, and (vi) the stage of the proceedings at which the settlement was reached.  *See Sterling v. Stewart*, 158 F. 3d 1199, 1203 n.6 (11th Cir. 1998) (citing *Bennett v. Behring Corp.*, 737 F. 2d 982, 986 (11th Cir. 1984)).

G. The bar provisions of this order, which prohibit the assertion of certain claims against Blue Cross Blue Shield of Michigan and other released parties as set forth below, are a condition of the settlement and a significant component of the consideration afforded in the settlement, and these provisions are reasonably under the circumstances.

H. The dismissal with prejudice and entry of judgment contemplated by the settlement and this order will dispose of all claims against all parties in this case.

On the basis of these findings and the submissions and proceedings referred to above,

It is hereby **ORDERED** that:

1. The settlement and the Settlement Agreement are preliminarily **APPROVED** as fair, reasonable, adequate, and in the best interests of the class.  The requirements of due process and Federal Rule of Civil Procedure 23 will be satisfied.

2. The Court having found that each of the elements of Federal Rule of Civil Procedure 23(a), 23(b)(2) and 23(b)(3) are satisfied, for purposes of settlement only, and solely with respect to Blue Cross Blue Shield of Michigan and the other released parties, the action is preliminarily **CERTIFIED** as a class action on behalf of the following persons ("class members;" collectively, "the class"):

>All persons who both (1) received or were enrolled for Applied Behavioral Analysis therapy rendered at the GIFT program at William Beaumont Hospital, for the period May 1, 2003 through June 17, 2009, whether or not the Plan Member submitted a claim to Blue Cross Blue Shield of Michigan; and (2) were enrolled in or covered by a health care coverage plan offered or administered through Blue Cross Blue Shield of Michigan at the date(s) of service, which plan included mental health care coverage.  The class shall exclude (i) all persons who, in accordance with the terms of the parties' Settlement Agreement and this Court's orders, execute a timely request for exclusion (opt out) from the class; and (ii) Blue Cross Blue Shield of Michigan, and any of its officers, directors, and employees.

3. Representative plaintiff Chris Johns is preliminarily **APPOINTED** as representative of the class and the firms of Mantese and Rossman, P.C. and John J. Conway P.C. are preliminarily **APPOINTED AND DESIGNATED** as counsel to the class.

4. The Court finds that the notice set out as Exhibit 1 hereto is proper and adequate, as is the manner of service via first-class mail.  The Court therefore authorizes class counsel to disseminate the notice via first class mail to the members of the settlement class.

5. The Court has reviewed the parties' agreement with respect to an award of fees and expenses to class counsel.  The Court recognizes that in the Settlement Agreement Blue Cross Blue Shield of Michigan has agreed not to oppose an award of fees and expenses to class counsel up to $247,000, to be paid by Blue Cross Blue Shield of Michigan.  This agreement is in addition to the monetary consideration and other benefits to be provided to class members under the Settlement Agreement.  The Court will award fees and expenses to class counsel in an amount to be determined by the Court, to be paid by the Blue Cross Blue Shield of Michigan Plans in accordance with the provisions of the Settlement Agreement.

6. The Court has also reviewed the parties' agreement with respect to a fee award to the representative plaintiff, Chris Johns.  The Court recognizes that in the Settlement

Agreement Blue Cross Blue Shield of Michigan has agreed not to oppose an award of fees up to three thousand dollars ($3,000.00) for the representative plaintiff, to be paid by Blue Cross Blue Shield of Michigan. This agreement is in addition to the monetary consideration and other benefits to be provided to class members under the Settlement Agreement. On this basis, the Court preliminarily **AWARDS** a fee of $3,000 to representative plaintiff Johns, to be paid by Blue Cross Blue Shield of Michigan in accordance with the provisions of the Settlement Agreement.

7. The Court hereby **RETAINS JURISDICTION** to entertain a motion for final approval of the settlement and certification of the class action, following the dissemination of notice in accordance with this order.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 26, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 26, 2009, by electronic and/or ordinary mail.

Alissa Greer
Case Manager

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS JOHNS,

    Plaintiff, on behalf of himself and
    all others similarly situated,

Case No. 08-cv-12272

HONORABLE STEPHEN J. MURPHY, III

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN,

    Defendant.
_____/

**NOTICE OF CLASS ACTION REGARDING
BLUE CROSS BLUE SHIELD OF MICHIGAN COVERAGE FOR APPLIED
BEHAVIORAL ANALYSIS TREATMENT FOR AUTISM SPECTRUM DISORDER**

**ATTENTION**

Please read this notice carefully if:

1. You are or have at any time on or after May 1, 2003 been covered through a health plan offered or administered by Blue Cross Blue Shield of Michigan; and

2. You have a child who has received or is presently receiving Applied Behavioral Analysis ("ABA") treatment at the Group Intensive Family Training ("GIFT") program at William Beaumont Hospital.

**AS REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE 23(c)(2)(B), THIS DOCUMENT IS YOUR NOTICE THAT A CLASS ACTION LAWSUIT IS PENDING IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, AND THAT YOU MAY BE A MEMBER OF THE CLASS.**

1. **What a Class Action Lawsuit Means**

In a class action lawsuit, one or more persons called "class representatives" sue on behalf of other people who have similar claims. All of these persons, together, are known as a "class." The individual people in the class are "class members." The class members are the plaintiffs in the lawsuit, and the entity or person being sued by the class members is the defendant. In a class action, one court resolves the issues for everyone in the class -- but this does not include persons who choose to be excluded from the class.

2. **What this Lawsuit is About**

This lawsuit concerns Blue Cross Blue Shield of Michigan's denial of coverage for Applied Behavioral Analysis ("ABA") treatment for children with autism, based on Blue Cross's determination that the treatment is experimental or investigational. The present suit alleges that ABA therapy is not experimental or investigational, and that Blue Cross violated the federal Employee Retirement Income Security Act by denying coverage for ABA therapy. Blue Cross denies any wrongdoing and any liability and maintains that the services are/were not covered.

3. **Definition of the Class that has been Certified**

The Court has certified the following class for purposes of a settlement in this case:

> All persons who both (1) received or were enrolled for Applied Behavioral Analysis therapy rendered at the GIFT program at William Beaumont Hospital, for the period May 1, 2003 through June 17, 2009, whether or not the Plan Member submitted a claim to Blue Cross Blue Shield of Michigan; and (2) were enrolled in or covered by a health care coverage plan offered or administered through Blue Cross Blue Shield of Michigan at the date(s) of service, which plan included mental health care coverage. The class shall exclude (i) all persons who, in accordance with the terms of the parties' Settlement Agreement and this Court's orders, execute a timely request for exclusion (opt out) from the class; and (ii) Blue Cross Blue Shield of Michigan, and any of its officers, directors, and employees.

4. **The Proposed Settlement**

The Court has not yet determined which side would ultimately prevail in this litigation. However, the parties have reached a settlement agreement (which is referred to in this notice as "the settlement agreement") that will provide payments for class members' ABA treatment.  If approved by the Court, the settlement would provide the following relief for class members.  Blue Cross would pay class members for ABA therapy rendered at the GIFT program at William Beaumont Hospital, at any time during the period May 1, 2003 through June 17, 2009.  Class members would be entitled to these payments whether or not they submitted a claim to Blue Cross Blue Shield of Michigan for the ABA treatment. They payments would be in the amount and to the extent that coverage would have been available if the services had not been considered investigational or experimental by Blue Cross Blue Shield of Michigan.  Class members would release Blue Cross from any other liability, as provided for in the settlement agreement.

You can review the settlement agreement by contacting any of the following:

| | |
|---|---|
| Mantese and Rossman, P.C. | John J. Conway |
| 1361 E. Big Beaver Rd. | 645 Griswold St., Suite 3600 |
| Troy, MI 48083 | Detroit, MI 48226 |
| Phone: (248) 457-9200 | Phone: (313) 961-6525 |
| Fax: (248) 457-9201 | Fax: (313) 961-0754 |

5. **Reasons for the Proposed Settlement**

The class representative and the class attorneys have concluded that the settlement as described above is in the best interests of class members.  Without settlement, the litigation would continue, leaving class members without payment for ABA therapy for an unknown period into the future, possibly years.  In addition, Blue Cross has asserted numerous defenses to the claims and there is a risk that at the end of the litigation the class members would be unsuccessful and would be forever denied payment by Blue Cross for the ABA therapy they received.

Considering these risks, the plaintiff and the class attorneys have concluded that the settlement is a fair and reasonable compromise, and is in the best interest of all the members of the class. Blue Cross has entered into the settlement to avoid any further expense in this lawsuit. If this settlement is approved, its terms will bind all class members.

**6.    Objections and Hearing**

The Court has scheduled a hearing at the Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Courtroom 228, Detroit Michigan 48226. The hearing will take place beginning at **2:00 PM on February 4th, 2010.** The purpose of the hearing is to assist the Court in determining whether the proposed settlement is fair, reasonable and adequate, and in the best interests of the class, and whether to give final approval to the settlement.

You do not have to attend the hearing. The class attorneys will attend the hearing on behalf of the class. If you wish, however, you may attend the hearing, either with or without your personal lawyer. Whether or not they attend the hearing, all class members will be bound by the settlement if it is approved. Any class member may object to the settlement by filing a written objection in compliance with the procedure described in the next paragraph. If you file a written objection, you or your personal lawyer will have the opportunity to address the Court at the hearing to explain your objection. You will not have the right to address the Court at the hearing unless you file a written objection postmarked on or before **December 10th, 2009.**

If you desire to object to the proposed settlement, you must mail your written objection to the Court and at the same time mail copies to the parties' lawyers. Any objection should have the following heading at the top: "*Johns v. Blue Cross Blue Shield of Michigan*, E.D. Mich. Case no. 08-cv-12272." Any objection should be mailed, postmarked on or before December 10th, 2009 to:

Clerk of the Court
United States District Court for the Eastern District of Michigan
Theodore Levin United States Courthouse
231 West Lafayette Boulevard
Detroit, MI 48226

At the same time that any objection is mailed to the Clerk, a photocopy of the objection must be mailed to each of the following:

| Attorney for the plaintiffs: | Attorney for the defendant: |
|---|---|
| Gerard Mantese | Robert Phillips |
| Mantese and Rossman, P.C | Blue Cross Blue Shield of Michigan |
| 1361 E. Big Beaver Rd. | 600 East Lafayette Boulevard, # 1925 |
| Troy, MI 48083 | Detroit, MI 48226 |

If you have no objections to the settlement, you do not need to do anything.

7. **You Have the Right to be Excluded from or File an Appearance in this Class Action Lawsuit**

    If you are a class member, you may enter an appearance in this action through an attorney if you so desire.  You do not have to enter an appearance in order to remain a member of the class.

    You also have the right to be excluded from the class if you so desire.  In order to be excluded, you must request exclusion from the class.

8. **Possible Consequences if You Remain a Member of the Plaintiff Class**

    If you remain a member of the plaintiff class, all of the following will occur:

    - You will be able to share in the benefits of the settlement of this class action lawsuit.

    - You will be bound by the settlement of this lawsuit.

    - You will not be able to file any other lawsuit against Blue Cross Blue Shield of Michigan covering the same issues as this lawsuit.  Your claims based on these issues will be determined in this lawsuit.

- You will be represented by the class attorneys. Under the terms of the settlement, class attorneys will receive up to $247,000 in attorney fees, subject to approval by the Court. You will not have to pay anything to the class attorneys.

9. **Possible Consequences if You Exclude Yourself from the Plaintiff Class**

   If you choose to exclude yourself from the plaintiff class, all of the following will occur:

   - You will not be able to share in any recovery or benefit to class members that may be awarded by the Court or paid in settlement of this class action lawsuit.

   - You will not be bound by the judgment of the Court in this lawsuit.

   - You will be able to file your own lawsuit against Blue Cross Blue Shield of Michigan covering the same issues as this lawsuit, subject to any statute of limitations or other defenses.

10. **How to be Excluded from this Class Action**

    If you would like to exclude yourself from the plaintiff class, you must complete the attached form entitled "Exclusion Request," and return it, postmarked by **November 25th, 2009**, to:

    > Attn: Exclusion Requests
    > Mantese and Rossman, P.C.
    > 1361 E. Big Beaver Road
    > Troy, MI 48083

11. **The Attorneys Representing the Plaintiff Class Members**

    The class members will be represented by the attorneys below. You may direct **any and all correspondence** to these attorneys:

    | | |
    |---|---|
    | Gerard V. Mantese | John J. Conway |
    | Mark C. Rossman | John J. Conway, P.C. |
    | David Hansma | 645 Griswold St., Suite 3600 |
    | Mantese and Rossman, P.C. | Detroit, MI 48226 |
    | 1361 Big Beaver Road | (313) 961-6525 (phone) |
    | Troy, MI 48083 | (313) 961-0754 (fax) |
    | (248) 457-9000 (phone) | |
    | (248) 457-9201 (fax) | |

**EXCLUSION REQUEST**

\* Please read the enclosed legal notice carefully before filling out this request.\*

The undersigned does NOT wish to remain a member of the plaintiff class in the case of *Johns v. Blue Cross Blue Shield of Michigan*, U.S.D.C., E.D. Mich. Case No. 08-cv-12272.

Signature: _____    Date: _____

Printed Name: _____

Street Address: _____

City, State, ZIP: _____

Phone: _____

Blue Cross Blue Shield of Michigan Contract Number: _____

In order to exclude yourself from the plaintiff class, you must complete this request and return it, postmarked **no later than November 25th, 2009,** to:

Attn: Exclusion Requests
Mantese and Rossman, P.C.
1361 Big Beaver Rd.
Troy, MI 48083

A separate exclusion request should be completed and timely mailed for each person choosing to be excluded from the class.